## BOUGHTON *vs.* BRUCE.

The mere *making out* of a writ and obtaining a *special deputation* from the sheriff, is not the commencement of a suit ; until delivery to the *special deputy,* the suit is not commenced.

Where notes are delivered as collateral security for the payment of another note made upon an *usurious agreement,* the party depositing the notes may repudiate the agreement under which they were delivered, and bring an action of replevin for their recovery ; but there must be a *demand* before suit.

ERROR from the New-York common pleas. Boughton sued Bruce in an action of *replevin* in the *detinet,* for three promissory notes delivered to the defendant as collateral security for the payment of another note made by the plaintiff to the defendant on an usurious agreement. The plaintiff proved a *demand* of the notes for which the action was brought, and a *refusal* by the defendant to deliver them up. It appeared that previous to the demand, the plaintiff had procured a *special deputation* to the person who served the writ, who went with him to witness the demand, and *after the demand and refusal, the writ was delivered to the special deputy,* who then served it. The counsel for the defendant insisted that the demand was made *after* the suit was commenced, which he insisted must be deemed to have been commenced *when the writ was delivered to the sheriff,* and when he endorsed the deputation. The court sustained the objection, and *nonsuited* the plaintiff, who sued out a. writ of error.

*H. P. Hastings,* for the plaintiff in error, insisted that no demand was necessary ; that the taking of the notes being in violation of the statute against usury, was *wrongful ;* and that a demand is necessary only where the party came *lawfully* into the possession of the property. But, secondly, he contended that the demand made, was previous to the commencement of the suit, the writ not being delivered *to the deputy* until after the demand.

*H. E. Davies,* for the defendant in error.

Boughton *v.* Bruce.

*By the Court,* NELSON, Ch. J.   The only material question in this case is, whether the *demand* was made before the suit was commenced.   The writ was made out, and a special deputation procured from the sheriff, and then retained by the plaintiff until after the demand and refusal, when it was put into the hands of the *special deputy,* with directions to serve it.   It is contended by the defendant, that the sheriff could not have legally constituted a special deputy, unless the writ had been put into his hands for execution.   If he could, it is clear enough that the plaintiff did not intend the issuing of it *in fact* until after the demand.   Unless, therefore, the commencement of the suit is a legal inference from the facts, the nonsuit was erroneous.

The statute, 1 *R. S.* 379, § 73, provides that every sheriff may appoint as many deputies as he thinks proper, " and persons may also be deputed by any sheriff or under-sheriff, by an instrument in writing, *to do particular acts.*"   The sheriff possessed this power at the common law.   6 *Bacon's Abr. tit. Sheriff, H.*   I perceive nothing in the statute or in the nature of the power which should confine the execution of it to a period of time *after* the writ was issued and in force, or any reasonable objection to the deputation before it is issued, provided the act to be done be defined with sufficient particularity.   The authority to constitute a *general deputy,* includes necessarily the power of creating a *special deputy,* and to the extent delegated the power would seem to be the same.   It cannot be that all control over the writ passes from the party on procuring the *special deputation,* or that he may not afterwards issue it, or omit to do so, at his discretion.

I entertain no doubt that a *demand* was necessary to enable the plaintiff to sustain the suit.   The possession of the notes by the defendant was not unlawful or tortious, because they were delivered by the plaintiff himself.   As it was lawful for him to deliver the notes, it surely was so for the defendant to receive them.   True, the agreement under which they were delivered was not binding, and hence the plaintiff had the right to repudiate it ; but this did not render the acts done under the agreement *tortious.*

Judgment reversed ; *venire de novo.*