GOODYEAR and others *vs.* BLOODGOOD, executor, &c. and others.

A bill may be filed by legatees, and those who have succeeded to their rights, without taking out letters of administration *de bonis non*, to recover from the personal representative of the deceased executor of their testator, moneys which were in the hands of such executor, and which he held as trustee for the complainants at the time of his death, and which he ought to have accounted for and paid over to them.

Where the debts and funeral expenses of a decedent have been paid, the legatees alone have an interest in compelling the personal representative of the last surviving executor to account for and pay over the moneys belonging to the estate, and which were received by such executor in his lifetime. And it is not necessary that an administrator with the will annexed, of such decedent, should be made a party to a suit brought for that purpose.

Goodyear *v.* Bloodgood.

THIS was an appeal from a decretal order of the vice chancellor of the first circuit, overruling a demurrer to the complainant's bill. The bill was filed by two of the children and legatees of T. Goodyear, deceased, and by the surviving husband of the other child, who was also the trustee of the estate of his deceased wife under an ante-nuptial contract, and who, as such trustee, was entitled to her share of the estate of her deceased father. T. Goodyear, the testator, died in 1830, and by his will directed his executrix and executors to sell his real and personal property, except his furniture, which he gave to his widow, and his real estate in the city of New-York. And he directed his executrix and executors, after paying his debts, to invest the proceeds thereof upon bond and mortgage on interest. And he gave one moiety of his estate to his son Cornelius, subject to a provision for the widow out of the same, and the other moiety to his two daughters, Sally Anne and Eliza Jane, equally; leaving the estate in the hands of the executrix and executors in trust for the children until they should become of age. He appointed his widow and Thomas Bloodgood, W. W. Cowan and A. Goodyear, the executrix and executors; the last of whom refused to accept the trust, and died during the lifetime of T. Bloodgood. The widow was joined in the letters testamentary with Cowan and Bloodgood, but never acted in the execution of the trust, and died in 1831, leaving her three children her only heirs and next of kin. Cowan died in 1834, leaving Bloodgood, who died in 1843, the sole surviving executor. Sally Anne became of age in 1832, and died in 1841, leaving three children surviving, and her husband, one of the complainants, who was entitled to her share of her father's estate, as the trustee thereof under the ante-nuptial contract. The other daughter became of age in 1834, and in the same year intermarried with the complainant, C. Lansing. And the son of the testator became of age in 1837. The bill in this cause was filed against the executor of T. Bloodgood, the last surviving executor of T. Goodyear, deceased, for an account of the estate of the latter which had come to the hands of T. Bloodgood, as such surviving executor and as the surviving trustee of such estate; and the children of the deceased daugh-

ter were also made parties. The bill charged, among other things, that all the debts and funeral expenses of the testator, T. Goodyear, had been fully paid; that certain moneys which were received by Bloodgood, were not included in the inventory, and had not been accounted for by him; that Bloodgood, in June, 1831, received of Cowan $1750 on a bond and mortgage which moneys belonged to the estate, but were never accounted for to the complainants; that he rented the real estate in the city of New-York, but lost the rents by his negligence; and that Cowan and Bloodgood sold real estate of the testator's in Pennsylvania, and that he received the proceeds of such sale but had never accounted for the same. The bill therefore prayed for an account of these several matters, and that so much as might be found due to the complainants, should be paid to them by the defendant out of the estate of T. Bloodgood, deceased, in the hands of the defendant as the executor of his deceased father, in the proportions to which the several complainants were respectively entitled. The defendants demurred to the bill, upon the ground that the complainants did not show that letters of administration *de bonis non,* with the will of T. Goodyear annexed, had been granted to them, or any of them. The defendant also urged certain other objections *ore tenus,* which are considered in the opinion of the court.

*M. S. Bidwell,* for appellant. If the facts stated in the bill are true, the complainants are not the proper persons to file a bill. It should be filed by the personal representative of the original testator, Thadeus Goodyear. This is the general rule. If there be any exception it is in the case of a collusion of such representative, and perhaps of his insolvency. Nothing is stated in the bill to take the case out of the general rule, or to bring it within any exception. But if it came within such exception, or if, for any reason whatever, the bill could be filed by the complainants, such personal representative was at all events a necessary party. Without him there cannot be a complete and final settlement of the estate, or a full discharge of the defendant. If it be a fact that there is at present no such representative, the

bill will not on that account be good. The complainants should have taken administration de bonis non, or procured the grant of it to some other person. No decree in this case will be a bar to a future suit (if one should be brought) by an administrator de bonis non, hereafter appointed. The personal representative of W. W. Cowan is a necessary party to such bill; as without him a final and complete settlement of the estate cannot be made. E. E. Higgins is a necessary party; the delegation of his trust being void. For the same reason W. P. N. Fitzgerald is improperly made a party to the bill. Even if the complainant could file a bill against the defendant, to charge him for the negligence of Thomas Bloodgood, as executor of Thadeus Goodyear, yet this bill is bad for multifariousness in seeking an account of the assets administered by him.

*E. Norton*, for respondents. The money which this bill is filed to recover, having once been collected and received by the representative of the testator, is no longer a debt due to the estate, to be collected by its representative; but is money due to the legatees, and can only be sued for by them. (*Cheatham's adm'r* v. *Burfoot*, 9 *Leigh*, 580, 594. *Neale* v. *Hagthorp*, 3 *Bland's Ch. Rep.* 551, 562. *Lawrence's adm'r* v. *Lawrence's ex'r, Litt. Sel. Cas.* 123. *Sparhawk* v. *Adm'r of Bull*, 9 *Verm. R.* 41. *Douglass* v. *Satterlee*, 11 *John. R.* 16. *Graham* v. *Torrence*, 1 *Ired. Eq.* 210. *Foster* v. *Wilber*, 1 *Paige*, 537. *Dakin* v. *Demming*, 6 *Id.* 95.) If the legatees have the right to sue, the payment to them will be a bar to any future claim; and as, under the facts in this case, nobody else can have any claim, a final settlement can be made in this cause without having a representative of the estate before the court. (*Hyde* v. *Stone*, 7 *Wend.* 334.) No claim being made in this bill against any of the co-executors, and it not appearing that there is any thing due from their estates, it was not necessary to make their representatives parties. (*Gable* v. *Andruss*, 1 *Green's Ch. Rep.* 66.) The validity of the conveyance by Higgins to Fitzgerald, will not be decided collaterally in this suit; and whilst it remains in force, the latter is a proper party. All the

matters in this bill relate to a single subject, to wit, the liability of Bloodgood for his acts as executor of the will of Goodyear; and the bill is not multifarious merely because he is charged both for negligence in collecting and negligence in paying. If this bill cannot be sustained by the complainants in their character of legatees, the suit will be suspended, and they allowed to take out letters de bonis non, and amend the bill accordingly. At the same time they may be allowed, if necessary, to amend, so as to avoid the objection of multifariousness, and to substitute Higgins for Fitzgerald, and bring in the representatives of Cowan and all the parties interested in the estate of T. Bloodgood. (*Humphries* v. *Humphries*, *P. Wms. Rep.* 347. *Jenkins* v. *Freyer*, 4 *Paige*, 47.)

THE CHANCELLOR. The objection that the complainants have not taken out letters of administration, with the will annexed, of the goods of T. Goodyear deceased unadministered, is not well taken. This is not a bill to recover a debt due to the estate of the testator, Goodyear, which must be sued for by the personal representatives of the latter. But it is a bill by his legatees, and those who have succeeded to their rights, to recover from the personal representative of the surviving executor of Goodyear moneys which were in the hands of such executor, and which he held as trustee for the complainants, at the time of his death, and which he ought to have accounted for and paid over to them. The persons beneficially entitled to the fund have therefore properly filed their bill, in their own names, to recover from the executor of Bloodgood the moneys which were owing to them from his deceased testator. The cases cited by the counsel for the appellant are cases where claims were made to recover debts due to the personal representatives of the decedent, or property belonging to the estate, which had been taken or appropriated by strangers without authority of the rightful representatives; or to charge the estate to the prejudice of the rights of the executor, or administrator, as such. Thus in the case of *Phelps* v. *Sproule*, (4 *Sim. Rep.* 318,) the complainant made a claim as heir at law of the decedent, against the personal repre-

sentative of the latter, to have the purchase money of land, bought by the testator in his lifetime, paid out of his personal estate. The bill was therefore properly filed against Betsey Olive, who was administratrix with the will annexed, of the testator.   As she was also the executrix of J. S. Olive, who had possessed himself of the estate of W. Phelps, the original testator, without making probate of the will, the complainant prayed that Betsey Olive might, in her character of executrix of J. S. Olive, account for the property which had come to the hands of the latter in his lifetime.   But upon her death, the right to call her executor to account, as the executor of the executrix of J. S. Olive, for the estate of the original testator which had been wrongfully taken by J. S. Olive, devolved on Prior, the administrator with the will annexed of W. Phelps, the original testator ; and it did not belong to the heir at law of the latter, who was claiming to have the personal estate applied to the payment of the debt due by him for the purchase money of the lands which had descended to the complainant as heir.   And as there was no collusion charged between Prior, the representative of the estate of Phelps, and Sproule, the representative of the person who had appropriated the funds of that estate without authority, the complainant, whose claim was against the representative of the estate of Phelps alone, could not revive his suit against Sproule as the substituted executor of J. S. Olive.

Nor was it necessary in the case under consideration, that the administrator with the will annexed of T. Goodyear should be made a party to the suit, in any form.   The averment in the bill that the debts and funeral expenses of the decedent have been fully paid, shows that the legatees alone have an interest in compelling the executor of Bloodgood to account for and pay over to them their moneys which Bloodgood had received and misapplied in his lifetime.   Neither is the objection that the personal representatives of Cowan are not parties to this bill well taken. The whole charges in the bill relate to the negligences and defaults of Bloodgood alone ; except as to the neglect to inventory the whole property.   And, as Bloodgood was the surviving executor, the legal presumption is that all the property not inven-

toried, and which had not been duly administered at the time of the death of Cowan, must have gone into the hands of Bloodgood as such survivor.

Higgins, the trustee under the post-nuptial contract of Mrs. Fitzgerald, was not a necessary party ; and his conveyance of the trust fund to the complainant Fitzgerald, so far as the personal estate was concerned, was fully authorized, under the circumstances stated in the bill. As to the real estate, it was conveyed upon a trust not authorized by the revised statutes, and therefore no estate whatever vested in the trustee. If the trust is correctly stated in the bill, the legal estate remained in Mrs. Fitzgerald, so far as the land was concerned, and descended to her children at her death ; subject to her husband's estate as tenant by the curtesy. The personal estate, however, vested in Higgins originally, as her trustee, subject to her power of appointment. But upon her death without making any appointment thereof, it would belong to her husband, under the statute of distributions. Higgins then, with Fitzgerald's assent, could lawfully convey it to him in trust for his children, instead of transferring it to him absolutely and for his own benefit ; as he was authorized to do. And the cestuis que trust, under the conveyance from Higgins in trust for the children of Fitzgerald, being parties to the suit, there is no danger that any person can hereafter disturb the account which may be taken in this suit, against the executor of Bloodgood, for that share of the fund which has come to the hands of his testator.

The decretal order appealed from must therefore be affirmed.