McCue, J.
The plaintiff is the assignee in bankruptcy of C. M. Tremaine & Bro., and brings this action to recover from the defendant:
1st. Several sums of money paid by C. M. Tremaine & Bro. to him as usury; and,
2nd. To restrain the collection and negotiation of certain promissory notes held by defendant, and made and delivered to him as collateral security for divers usurious loans.
Upon application of the plaintiff an injunction was granted at special term restraining the defendant from selling or disposing of the notes referred to, or the proceeds thereof, or from collecting the same.
The defendant appeals from this order. The motion for the injunction was argued upon the complaint and the affidavit of one of the insolvents. So that the case comes before us on appeal practically as though a demurrer had been interposed that the complaint did not set forth facts sufficient to constitute a cause of action.
The objection that the appointment of the plaintiff as assignee was not sufficiently set out in the complaint, is not well taken.
This court is bound to take notice of the act of Congress entitled “An act to establish a uniform system of bankruptcy through the United States, passed March 2, 1867,” and the allegations in the complaint that “the insolvents were adjudged bankrupts pursuant to said act,” and “theplaintiff in like manner appointed assignee in bankruptcy of the bankrupts,” are sufficient, in view of the fact that in the absence of an answer raising an issue upon this point, all the presumptions are in favor of the regularity of the bankrupt proceedings.
There is no force in the objection that the injunction was improperly granted under section 219 of the Code.
The bankrupts were entitled to have the collection *28 or prosecution of these notes enjoined, “whenever it should satisfactorily appear to the court by the admission of the defendant or by proof .... that they had been received in violation of the statute” in relation to usury ; and this without reference to section 319 of the Code.
Here it appeared, practically as an admission of the defendant, that the notes had been received as alleged in the complaint (3 Rev. Stat., 5 ed. 73, 74).
These seem to have been the only points made on the hearing at special term, but now for the first time a question is raised that the plaintiff as assignee does not stand in the bankrupts’ shoes, and can not avail himself of the provision of the statute in relation to usury above referred to. The earlier authorities would seem to support this position (22 Vt., 536 ; 26 Barb., 636; Boughton v. Bruce, 20 Wend., 234).
We must, however, regard the reasoning in the case of Meech v. Stoner, 19 N. Y., 26, arising under the statute in relation to gaming, as peculiarly applicable to the case under examination. As declared by the court “the assignability of things in action is now the rule; non-assignability the exception.” The statute against gaming gave to the person losing, the right within three calendar months to sue for and recover back the money lost (Rev. Stat., part 1, title 8, art. 3, ch. 20, § 14), and if he failed to commence such an action the overseers of the poor were authorized to commence suit, and recover the sum lost with treble the sum for the benefit of the poor (§ 15).
The English statute giving the loser the right to recover money lost at gaming, has been held as to this to be remedial and not penal (Turner v. Warren, 2 Strange, 1079), and the reason for this is well stated by Sir William Blaokstohe to be that as the receiving of the money is a nullity, “ the money is still to be regarded as the property of the loser.”
*29 In Meech v. Stoner, the plaintiff was the assignee of one Gould, who had lost fifteen hundred dollars at faro, and which was won by the defendant Stoner.
The court discussed and distinctly overruled the principle contended for that the right to sue for and recover the money lost was a mere personal privilege, and that the loser had no interest in the money sued for which was capable of assignment so far as to give the right of action to any one else.
Under our statute against usury, the right to recover back money paid in excess of lawful interest, is not only given to the person paying the same, but also to his personal representatives, and not only against the person who has unlawfully received the money, but against Ms personal representatives, also, thus clearly treating the money paid in excess of lawful interest as part and parcel of the debtor’s estate, and the .obligation to return, as not only binding upon the usurious creditor as a moral duty, but also as constituting a legal charge upon his estate ; in other words it treats the usurious consideration exacted as still the debtor’s property, and .improperly obtained by the creditor.
The case of Boughton v. Bruce, 20 Wend., 234, is relied on as authority for the proposition that the possession by the creditor, the defendant, of the notes, recovery of which was sought, was not unlawful or tortious because the notes were delivered to him by the plaintiff himself. It must be observed, however, that this was an action of replevin in the detinet, and the case turned upon the point whether the demand had been made before or after the actual commencement of the suit. The point was taken that no demand was necessary, but it does not seem to have been urged upon the attention of the court, and the point was determined without any serious discussion of the principle involved. Whatever force this decision might *30 otherwise be entitled to, it was subsequently overruled as an authority in Schroeppel v. Corning, 5 Denio, 239, the court holding that the possession of securities delivered upon a usurious contract, .although acquired by a manual delivery from the plaintiff, is not a "rightful possession, and that no demand was necessary.
For these reasons we are compelled to depart from the rule heretofore laid down, and to hold that this action is properly brought by the assignee of the parties who have paid the usurious consideration. The statute does not permit the recovery of all the money paid or value delivered for interest, but only of so much as is in excess of the legal rate of interest; a fact which it is important to bear in mind in determining the character of the statute, whether it should be considered as a penal one or simply remedial in its nature.
The distinctions above pointed out as marking the remedial character of the statute under which this action is brought, furnish an answer to the objections raised to the jurisdiction of this court.
This action is not to recover penalties or personal property distrained for any cause, and does not come therefore within the provisions of section 123 of the Code.
The moneys and securities sought to be recovered are, in contemplation of law, the property of the plaintiff, lawfully representing the insolvents, and they follow his person, and the court has jurisdiction of the subject matter.
The defendant has appeared generally in the action, and has submitted himself and his rights to the jurisdiction of the court, and if there had been any irregularity in the service of process by which the defendant has been brought in, as a mere irregularity the defendant has waived it.
*31 The order appealed from should be affirmed, with ten dollars costs.
Reynolds, J., concurred.
Order affirmed, with costs.