CHARLES E. YALE, AS ADMINISTRATOR, ETC., APPELLANT, *v.* JEREMIAH S. BAKER AND OTHERS, RESPONDENTS.

*Administrator de bonis non — cannot open accounts of his predecessor — Final accounting — power of surrogate to open decree.*

An administrator *de bonis non* may sue to recover goods unadministered, but he has no power, nor is it any part of his duty, to overhaul the accounts of his predecessors in the trust. The latter are liable only to the creditors or next of kin.

The surrogate has no power to open a decree, made upon a final accounting, where no fraud in procuring the decree is alleged, and the errors suggested rest upon facts which are not positively stated, and do not appear in the proceedings themselves.

APPEAL from an order made by the surrogate of Monroe county, denying an application of the petitioner for a resettlement of the accounts of the defendants.

The defendant Baker was, on the 27th of August, 1868, duly appointed executor of Henry Van Buren deceased, and acted as

such executor until the 7th of October, 1868, when he was superseded, and letters of administration with the will annexed were issued to the defendants, Sarah A. Van Buren and George R. Sandford. On the 26th of October, 1868, Baker had a final settlement of his accounts before the surrogate, and a decree of final settlement was entered. On the 27th of December, 1869, the accounts of George R. Sandford, and on the 13th of July, 1871, the accounts of Sarah A. Van Buren, were finally settled, and decrees of final settlement entered by the surrogate. On the 11th of March, 1873, the petitioner was appointed administrator of the estate. On the 31st of March, 1873, he applied to the surrogate to have the accounts of the defendants opened, and for a resettlement of the same, alleging various errors and mistakes, but nowhere alleging that the decrees were obtained by fraud. It appeared from the certificate of the surrogate, that neither the inventory of the estate, nor the vouchers filed by the administrators, could be found in his office. The surrogate denied the application.

*John Van Voorhis*, for the appellant.

*George W. Rawson* and *W. P. Chase*, for the respondents.

GILBERT, J.:

The accountings sought to be opened, were all had before the surrogate who made the order appealed from. It now appears that the inventory of the estate of the decedent, and most of the vouchers filed in the office of the surrogate upon such accountings, have been lost. It would be a great hardship to the predecessors of the petitioner, to compel them to account over again under such circumstances, and it is manifest that an order compelling them to do so, might work great injustice. Upon the evidence before us, therefore, we should not be disposed to interfere with the discretion exercised by the surrogate. But we are satisfied that the order should be affirmed, upon the ground that it is not within the province of the petitioner to institute such a proceeding. An administrator *de bonis non* may sue to recover goods unadministered, but he has no power, nor is it any part of his duty, to overhaul the accounts of his predecessors in the trust. The latter are liable only

to the creditors or next of kin. Nothing would be concluded or settled in the surrogate's court, if the rule were otherwise.*

Another insuperable obstacle to the maintenance of the petition, is, that the errors which it alleges, would require a mere review by the surrogate, of his former decrees. This can be done only by appeal. The surrogate, we think, acquired jurisdiction to make the decrees. No fraud in procuring them is alleged, and the errors suggested rest upon facts which are not positively stated, and are not apparent in the proceedings. Moreover, they are positively denied by the respondents, and they could be established only by extrinsic proof. In such a case, the surrogate has no power to open a decree. †

The order appealed from must be affirmed, with costs.

Order affirmed, with costs.

* Beall v. New Mexico, 16 Wall., 535; Potts v. Smith, 3 Rawle, 361 ; Young v. Kimball, 8 Blackf., 167 ; Marsh v. People, 15 Ill., 285; Goodyear v. Bloodgood, 1 Barb. Ch., 617.

† Brick's Estate, 15 Abb. Pr., 30 ; Sipperly v. Baucus, 24 N. Y., 49; Campbell v. Thatcher, 54 Barb., 382 ; Decker v. Elwood, 3 N. Y. Sup. Ct. R., 48.