YALE .V. BAKER.

*Administrator — administrator de bonis non cannot have accounting by predecessor re-opened.*

An administrator *de bonis non* petitioned for a re-settlement of the accounts of his predecessors, who had accounted before the surrogate.

*Held,* (1) that it was no part of the duty of such administrator to cause a re-examination of the accounts of his predecessors, and (2) that as the surrogate had jurisdiction on the accounting, and the errors suggested rested on facts not positively stated, were not apparent and were denied by the respondent, the surrogate had no power to open his former decree.

APPEAL from a decree of the surrogate of Monroe county, denying the petition of Charles E. Yale, administrator, with the will annexed, etc., of Henry H. Van Buren, deceased, for a re-settlement of the accounts of his predecessors Jeremiah S. Baker, executor, and George R. Sanford and Sarah A. Van Buren, former

administrator and administratrix with the will annexed of said testator.

The testator died in 1868. His will, in which the above-named executor was appointed, was duly proved and letters testamentary issued. Within a few months, such executor was superseded and letters of administration issued to respondents Van Buren and San- ford. In October, 1868, the executor had a final settlement of his accounts before the surrogate. In December, 1869, the accounts of respondent Sanford were settled, and a decree of final settlement entered by the surrogate; and in July, 1871, the accounts of respond- ent Van Buren were settled, and a decree of final settlement there- upon was entered by the surrogate. In March, 1873, the appellant Yale was appointed administrator, and shortly afterward petitioned that the accounts of Baker, Sanford and Mrs. Van Buren, and the decrees settling them, be re-opened. Various charges of mal-ad- ministration were made and the usual verification attached to the petition. Such other facts as are material appear in the opinion.

*John Van Voorhis,* for appellant. The surrogate had power to re-open and re-settle the decrees. 2 R. S. (Edm. ed.) 95, § 54, 232, § 8 ; *Decker* v. *Elwood,* 3 N. Y. Sup. 48; *Sipperly* v. *Baucus,* 24 N. Y. 46; *Brick's Estate,* 15 Abb. 12; *Dobke* v. *McClaren,* 41 Barb. 491.

*George W. Rawson,* for respondent Sanford.

*W. P. Chase,* for respondent Baker.

GILBERT, J. The accountings sought to be opened were all had before the surrogate who made the order appealed from. It now appears that the inventory of the estate of the decedent and most of the vouchers filed in the office of the surrogate, upon such accountings, have been lost. It would be a great hardship to the predecessors of the petitioner to compel them to account over again under such circumstances, and it is manifest that an order compelling them to do so might work great injustice. Upon the evidence before us, therefore, we should not be disposed to interfere with the discretion exercised by the surrogate But we are satisfied that the order should be affirmed upon the ground that it is not within the province of the petitioner to institute such a proceeding. An administrator *de bonis non* may sue to recover goods unadminis-

tered, but he has no power, nor is it any part of his duty to overhaul the accounts of his predecessors in the trust. The latter are liable only to the creditors or next of kin. Nothing would be concluded or settled in the surrogate's court if the rule were otherwise. *Beall* v. *New Mexico,* 16 Wall. 535; *Potts* v. *Smith,* 3 Rawle, 361; *Young* v. *Kimball,* 8 Blackf. 167; *Marsh* v. *People,* 15 Ill. 285; *Goodyear* v. *Bloodgood,* 1 Barb. Ch. 617.

Another insuperable obstacle to the maintenance of the petition is that the errors which it alleges would require a mere review by the surrogate of his former decrees. This can be done only by appeal. The surrogate, we think, acquired jurisdiction to make the decrees. No fraud in procuring them is alleged, and the errors suggested rest upon facts, which are not positively stated, and are not apparent in the proceedings. Moreover, they are positively denied by the respondents and they could be established only by extrinsic proof. In such a case the surrogate has no power to open a decree. *Brick's Estate,* 15 Abb. 30; *Sipperly* v. *Baucus,* 24 N. Y. 49; *Campbell* v. *Thatcher,* 54 Barb. 382; *Decker* v. *Elwood,* 3 N. Y. Sup. 48.

The order appealed from must be affirmed, with costs.

*Order affirmed.*