Kings County.—HON. W. L. LIVINGSTON, Surrogate.—
March, 1880.

## Rorke *v.* McConville.

*In the matter of the final accounting of the executors of*
John McConville, *deceased.*

Where one of two executors, who is also the residuary legatee under the will, takes possession of all the assets of the estate, and mingles them with his own property, and fails to pay a legacy to an infant, or to set apart the amount of the same,—upon the death of such executor, his estate becomes liable to the person injured by such *devastavit,* and the amount of the legacy will be directed to be paid to the general guardian of the infant, and not to the surviving executor.

Final accounting by the executors of John McConville, who was one of the executors of, and the residuary

legatee under, the will of his brother, William McConville.

John McConville, as such residuary legatee, took possession of all the assets of the estate of William McConville, mingled them with his own property, and died possessed of them, but without paying a legacy of $2,000 bequeathed by William McConville to his nephew, John McConville, Jr., although the assets were more than sufficient to pay all the legacies and debts. After the death of John McConville, his executors, admitting that his estate was liable for the payment of the said legacy, gave to Edward Rorke, the surviving executor of the will of William McConville, a written promise to pay him the amount of the legacy in question, but did not do so.

In their accounts they credited themselves with items amounting to about $2,900, expended by them for John McConville, Jr., who was an infant, but had no general guardian; and claimed that the amount so expended should be allowed in payment of the said legacy, and interest thereon. These items were disallowed.

Edward Rorke had a final accounting as the surviving executor of the will of William McConville, and was not made liable for the said legacy. On the present accounting, he asked that the decree should direct the payment to him, as such surviving executor, of the amount of the said legacy, with interest, while the executors of John McConville insisted that if the decree made any provision on the subject, it should require the said legacy to be paid to the general guardian of the infant, John McConville, Jr., when he shall have been appointed.

MARTIN & SMITH, *for the executors.*

R. E. ROBINSON, DENNIS QUINN, A. C. FRANSIOLI, *guardians ad litem.*

J. WOOLSEY SHEPARD, *for Edward Rorke.*

THE SURROGATE.—If John McConville had set apart assets of the estate of William McConville, from which to raise the legacy given to John McConville, Jr., or if, from the money belonging to the estate of William McConville, he had kept *by itself* a sufficient amount to pay this legacy, on his death those assets or that fund would have rested exclusively in Edward Rorke, as sole surviving executor of William McConville, and he would be entitled to follow the assets or the fund in the hands of the executors of John McConville. (Shook *v.* Shook, 19 *Barb.,* 653 ; Walton *v.* Walton, 4 *Abb. Ct. App. Dec.,* 512.) But when John McConville mingled the assets of the estate of William McConville with his own property, so that they no longer could be distinguished, the property in those assets was of necessity altered, and vested in him individually ; they became converted, or, technically speaking, "administered," and John McConville remained accountable for their value. ( *Williams on Executors,* 646, 915, note e, 916, 918.) On his death, such liability extended to his estate. (2 *R. S.,* 114, § 6.) But this liability is directly to the persons beneficially intrusted in the estate, who have been injured by his *devastavit,* and not to the surviving executor of the will of William McConville for their benefit. (Beall *v.* New Mexico, 16 *Wall.,* 535, 540, 541, 542 ; Goodyear *v.* Bloodgood, 1 *Barb. Ch.,* 617 ; Auburn Theological Seminary *v.* Kellogg, 16 *N. Y.,* 83 ; Bartlett *v.* Hatch, 17 *Abb.*

461).   If the amount of this legacy were ordered to be paid to Edward Rorke, he would have to pay it right over to the general guardian of the infant, John McConville, when appointed ; there is no reason for this circuity of action, which the law seeks to avoid.  (Graham *v.* De Witt, 3 *Bradf.*, 186 ; Gray *v.* Harris, 43 *Miss.*, 429.)

The promise made by the executors of John McConville to Edward Rorke, to pay him the amount of the said legacy, is without consideration so far as it appears, and therefore not binding.

The infant may have a provision in the decree, that the amount due him shall be paid to his general guardian when appointed, or deposited in the Brooklyn Trust Company, to abide the further order of this court.

Ordered accordingly.